IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-331-D

ARTHUR O. ARMSTRONG, )
)
Plaintiff, )
)
v. ) **ORDER**
)
QUENTIN T. SUMNER, et al., )
)
Defendants. )

Pro se plaintiff Arthur O. Armstrong ("Armstrong") is subject to a superseding permanent injunction. See Armstrong v. Woodard, No. 5:12-CV-805-F, [D.E. 26] (E.D.N.C. Mar. 29, 2013).[1] That injunction prohibits Armstrong from, inter alia, filing any document in this court until "he first pays any outstanding monetary sanctions in full." Id. The injunction also prohibits Armstrong from filing any documents in a new case other than a complaint until the court reviews the complaint and orders Armstrong to prepare and submit summonses. See id.

On June 22, 2020, Armstrong filed a complaint against a North Carolina Superior Court judge and others and tendered the filing fee [D.E. 1]. On July 6, 2020, Armstrong filed additional documents before the court determined whether the complaint filed in this action satisfied the requirements of the superseding permanent injunction. See [D.E. 4].

---

[1] Armstrong needs no introduction to this court or, indeed, many other state and federal courts. See Armstrong v. Virginia, No. 3:10-CV-802-REP, 2011 WL 1261628, at *4, 7 (E.D. Va. Mar. 16, 2011) (unpublished) (cataloguing actions filed by Armstrong and noting that "Armstrong may be the most prolific active serial-filer in the United States"), report and recommendation adopted, 2011 WL 1984478 (E.D. Va. May 20, 2011) (unpublished).

Armstrong has an unpaid outstanding monetary sanction. See Order, Armstrong v. Wilson Co., No. 5:19-CV-330-BO, [D.E. 4] (E.D.N.C. Aug. 16, 2019). Thus, he cannot file this action. See id. Moreover, Armstrong's complaint violates the terms of the superseding permanent injunction because Armstrong sues several defendants who are immune from suit and uses boilerplate language to allege a conspiracy and vague constitutional violations in connection with criminal proceedings against him. Cf. Armstrong v. Friduss, 138 F. App'x 189, 194 (11th Cir. 2005) (per curiam) (unpublished); Armstrong v. Cooper, No. 5:12-CV-810-FL, 2013 WL 1914315, at *1–2 (E.D.N.C. Apr. 15, 2013) (unpublished); Armstrong v. Virginia, 2011 WL 1261628, at *4–5, 7 (E.D. Va. Mar. 16, 2011) (unpublished); Armstrong v. Easley, No. 5:06-CV-495-D, 2006 WL 4766024, at *2 (E.D.N.C. Dec. 12, 2006) (unpublished), aff'd, 225 F. App'x 120 (4th Cir. 2007) (per curiam) (unpublished). This court (again) informs Armstrong that he has failed to make the requisite factual allegations to support his legal claims, he has named defendants who are immune from suit, and his complaint is dismissed.

In sum, the court DISMISSES the action as repetitious and frivolous. In accordance with the superseding permanent injunction, the court FINDS that an appeal of this order would be frivolous. The clerk shall close the case.

SO ORDERED. This 14 day of August 2020.

*J. Dever*
JAMES C. DEVER III
United States District Judge